George R. MacLeod *vs.* G. P. Putnam's Sons.

PROVIDENCE—NOVEMBER 24, 1902.

Present : Stiness, C. J., Tillinghast, Wilbur, Rogers, Douglas, Dubois, and Blodgett, JJ.

(1) *Foreign Corporations. Resident Attorneys. Constitutional Law. Interstate Commerce. Tort Judgments.*

Pub. Laws cap. 980, providing that no foreign corporation shall carry on within this State the business for which it was incorporated or enforce in the courts any contract made within this State unless it shall have appointed a resident attorney to accept service of process within this State, is not retroactive, neither does it prohibit the enforcement of claims arising from torts, nor is a judgment in an action of tort a *contract* within the meaning of the statute.

Bill in Equity seeking to enjoin the enforcement of a judgment. Heard, on question of constitutionality of Pub. Laws cap. 980, before full court. Referred to Appellate Division, after decision that constitutional question was not involved.

Douglas, J. This case has been submitted upon briefs to the whole court, as involving a question of the constitutionality of a statute.

Upon examination of the case presented by the pleadings, it appears that the statute cited has no application in the premises ; and hence the question of its validity does not arise.

The claim made by the bill is that the defendant should be enjoined from enforcing a judgment in an action of trover

recovered by it against the complainant December 5, 1901, in the Common Pleas Division of this court, on which execution was issued December 12, 1901, because the defendant is a foreign corporation which has not complied with the provisions of chapter 253 of the General Laws, as amended by chapter 980 of the Public Laws, passed April 3, 1902, as follows :

"Section 1.   Section 36 of chapter 253 of the General Laws entitled ' Of the service of writs,' is hereby amended so as to read as follows :

" 'Sec. 36.   No corporation, unless incorporated by the general assembly of this state, or under general law of this state, excepting national banking associations or other corporations existing under the laws or by the authority of the United States, shall carry on within this state the business for which it was incorporated, or enforce in the courts of this state any contract made within this state, unless it shall have complied with the following sections of this chapter.'

"Sec. 2.   This act shall take effect upon its passage, and all acts and parts of acts inconsistent herewith are hereby repealed."

(1)     It is sufficient answer to this claim to say either that the amendment, chapter 980, is not retroactive, or that it does not prohibit the enforcement of claims arising from tort.

The general principle is well established that a statute will not be construed to have a retroactive application unless its language to that effect is clear.   The statute here in question has no language which indicates any such intention on the part of the legislature.   It prohibits certain classes of corporations from engaging in the future in business in this State. It further denies to such corporations the use of the courts of this State for the enforcement of certain contracts.   It does not assume to avoid contracts already made, and it does not close our courts to suitors who claim damages from our citizens for wrongs committed here.   The complainant argues that a judgment of court, being sometimes called a contract, is included in the words of the statute.   Such an interpretation would be forcing the language beyond reasonable limitations. The statute evidently contemplates contracts to be made be-

tween parties, such as are made in carrying on business ; not the acts of a court, the validity of which, theoretically, may be based upon the supposed original social compact. It is plain that a judgment in an action of tort is not a contract in the meaning of this statute.

Further proceedings in this case will be taken before the justices assigned to hold the Appellate Division.

*George R. MacLeod*, for complainant.

*Washington R. Prescott*, for respondent.